UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 3:03 CR 27 (EBB) |
| | | |
| v. | : | Violation of 26 U.S.C. §7206(1) |
| | : | (Making and Subscribing to a False Tax Return) |
| | | |
| FELIX KOTOVNIKOV | : | APRIL 19, 2006 |

**MOTION FOR TERMINATION OF SUPERVISED RELEASE**

The defendant, Felix Kotovnikov (hereinafter "Kotovnikov"), hereby requests early termination of his supervised release due to an unforeseen change in circumstances not contemplated at the initial imposition of supervised release and in the interest of justice. Specifically, it is no longer a reasonable condition of his release that Kotovnikov remain in the "judicial district…without the permission of the court or probation officer." (see attached as Exhibit 1 <u>Standard Conditions</u>).

1

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\18000-18499\18014 F. KOTOVNIKOV\001 USDC CR IRS HFK\REQUEST FOR EARLY TERMINATION 04-13-06.DOC

**FACTS**

On April 25, 2003, Kotovnikov was sentenced to a five year term of supervised release and given the following special conditions: (i) the defendant shall spend the first six (6) months in home confinement with voice verification monitoring; (ii) the defendant shall pay for the cost of voice verification monitoring; (iii) during the period of home confinement, the defendant shall be home at all times except for employment, religious obligations, and medical attention; and (iv) the defendant shall pay a fine of $20,000 within sixty (60) days. He is also subject to certain mandatory conditions and all standard conditions of supervised release (see attached as Exhibit 1).

Kotovnikov began supervision on April 25, 2003 and is expected to complete supervision on April 24, 2008. He paid the $20,000 fine and his required period of home confinement has been satisfied. Kotovnikov is currently in compliance with all conditions of supervised release and has had no recent arrests or convictions. His U.S. Probation Officer, Bunita Keyes (hereinafter "Keyes"), requested early termination of supervised release on his behalf, in November of 2005 and said request was denied by this Court. (see attached as Exhibit 2). The specific condition of supervised release

causing problems that which requires Kotovnikov to seek his probation officer's permission to leave the state and the court's permission to leave the country.

In 1985, Kotovnikov founded a business known as Action Windows, Inc. (hereinafter "Action Windows"), a company involved in the manufacture and installment of replacement windows, siding and doors.  Currently, Kotovnikov is the sole owner and operator of Action Windows and has all of the decision-making power within the company.  Because of economic downturn and aggressive competition, he was forced to terminate approximately sixty employees since 2003 and has been unable to pay Action Windows' factory warehouse mortgage payments in the last two months. The emergence of larger retail stores such as Home Depot and Lowe's have made it virtually impossible for Action Windows to compete in the local market. Its customer base has dwindled to consumers primarily in one Connecticut county.

Kotovnikov can save his business if he can bring it to areas where there is high demand. One such place is Florida. Due to the hurricanes, past and expected, there is a need for Action Windows' products and services in that area.  Kotovnikov knows developers and builders in Fort Myers, Panama City and Miami who would like to contract with Action Windows to build in excess of 300 homes in those areas.  His hopes

3
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\18000-18499\18014 F. KOTOVNIKOV\001 USDC CR IRS HFK\REQUEST FOR EARLY TERMINATION 04-13-06.DOC

are to set up a factory and sales office to take advantage of this business opportunity. Kotovnikov has an additional contact in Chicago, Illinois who has experience in business similar to that of Action Windows. This individual hopes to work with Kotovnikov in setting up an additional Action Windows sales office in Chicago and maintaining inventory via the Connecticut factory warehouse. In the past, Action Windows has had significant business in New York, Canada, Russia and various locations in the former Soviet Union. Kotovnikov believes expanding his business to these areas would also substantially help Action Windows . The former director of an Action Windows factory warehouse in Moscow and Siberia, is currently the president of Sib Oil, a major corporation. He has been in contact with Kotovnikov and has offered to help in bringing Action Windows back to areas in Eastern Europe where he feels it will prosper.

Due to the significant layoffs, Kotovnikov is the only person within Action Windows who has the practical and business wherewithal to effectuate these expansions. He has numerous contacts who expect him to bring his personal knowledge, experience and expertise directly to each new location. The only way to save his company and the jobs of people who have worked for him for over twenty

4
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\18000-18499\18014 F. KOTOVNIKOV\001 USDC CR IRS HFK\REQUEST FOR EARLY TERMINATION 04-13-06.DOC

years is to facilitate the expansion of Action Windows. As founder, sole owner and primary operator, only he can make that happen.

**LEGAL ANALYSIS**

The court may terminate the term of supervised release imposed on a felony defendant "at any time after the expiration of one year of supervised release… if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice." 18 U.S.C. §3583(e)(1). The statute instructs the Court to consider, among other factors: the nature and circumstances of the offense, the history and characteristics of the defendant, whether the supervised sentence affords adequate deterrence to criminal conduct and whether it will protect the public from further crimes of the defendant. 18 U.S.C. §3553(a). The standards adopted by the Judicial Conference Committee on Criminal Law in March 2003 elaborate on the statutory criteria and recommend evaluation of nine specific factors when deciding whether to approve early termination of supervised release. *See* Monograph 109, *Supervision of Federal Offenders.* They are:

1. Stable community reintegration (e.g., residence, family, employment);

5
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\18000-18499\18014 F. KOTOVNIKOV\001 USDC CR IRS HFK\REQUEST FOR EARLY TERMINATION 04-13-06.DOC

2. Progressive strides toward supervision objectives and in compliance [sic] with all conditions of supervision;

3. No aggravated role in the offense of conviction, particularly large drug or fraud offenses;

4. No history of violence…;

5. No recent arrests or convictions…;

6. No recent evidence of alcohol or drug abuse;

7. No recent psychiatric episodes;

8. No identifiable risk to the safety of any identifiable victim; and

9. No identifiable risk to public safety….

Kotovnikov has exhibited exemplary behavior during the 3 years of his supervised release and falls favorably within the relevant factors referenced above. His history is unique and displays characteristics of loyalty, dedication and generosity. He was born in a political prisoners camp in Kazan, Russia and grew up in an extremely impoverished home and neighborhood. Success in boxing during high school afforded him the opportunity to attend college where he met his current wife. Soon after

6
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\18000-18499\18014 F. KOTOVNIKOV\001 USDC CR IRS HFK\REQUEST FOR EARLY TERMINATION 04-13-06.DOC

marriage, he was drafted into the Russian army. Years later he managed to get his family to the United States and became a naturalized citizen in 1982. In 1985, Kotovnikov started Action Windows. During this time he was very active in the community and in addition to his immediate family, financially supported his extended family in Russia.  While on supervised release he has maintained his business to the best of his ability and continues to be married and enjoy time with his daughter and grandchild. He is in compliance with all conditions of his supervision, has no history of violence and no recent arrests or convictions.  The offense of conviction was not aggravated, there is no recent evidence of alcohol or drug abuse and he has not experienced psychiatric episodes.  Most importantly, there is no identifiable risk to the safety of any identifiable victim or to public safety in general.  In fact, the sentence of supervised release does nothing proactive to further prevent Kotovnikov from recommitting the crime for which he was charged.  He is not or never has been a nuisance or threat to others. Kotovnikov has served over the one year requirement to have early termination, served a period of home confinement and paid fines and fees in excess of $20,000. In light of the factors referenced above and in the interest of justice, it

is clear that Kotovnikov's character, history and behavior during supervised probation warrant early termination of such.

In applying the foregoing standards, "[e]arly discharge or another form of modification is [also] appropriate to account for new or unforeseen circumstances' not contemplated at the initial imposition of supervised release." <u>United States v. Weintraub</u>, 371 F. Supp. 2d 164 (USDC 2005). (quoting <u>United States v. Lussier</u>, 104 Fr.3d 36 (2d 1997). In the instant action, Kotovnikov is facing the loss of his business and his livelihood. When supervision was contemplated and commenced, Action Windows was a thriving local company. In the last three years the business has suffered tremendous financial loss. Competitive market demand and increased competition require that Action Windows open up their product to new markets not contemplated at the time of sentencing. The terms of Kotovnikov's supervised release prohibit him from leaving the state of Connecticut without permission from his probation officer and from leaving the country without a court order. This is a very inconvenient and costly way to run a business. The sentence imposed in April of 2003 did not intend to prevent Kotovnikov from running his business effectively. At the time of sentencing there was

8
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\18000-18499\18014 F. KOTOVNIKOV\001 USDC CR IRS HFK\REQUEST FOR EARLY TERMINATION 04-13-06.DOC

no need for expansion within Action Windows and no indication that a restriction requiring the defendant to remain in the state would impinge on Action Windows directly. This is a drastic change in circumstances and most definitely warrants early termination of probation.

Furthermore, relief from probation is warranted when "changed circumstances for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of supervised release will render a previously imposed term or condition of supervised release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." Lussier, 104 F.3d at 36.[1] In the instant action, although Kotovnikov has paid the required fine contingent to his supervised release, the continuation of his supervised release will result in the downward turn in the defendant's ability to pay his bills, run

---

[1] It should be noted that "model prison conduct and full compliance with the terms of supervised release is what is expected of [ a defendant] and all others serving terms of imprisonment and supervised release and does not warrant early termination," United States v. Rasco, No.88CR817 (CSH), 2000 WL 45438, at *2. (S.D.N.Y. Jan 19, 2000) (see attached as Exhibit 3).  "An unblemished supervised probation report cannot *alone* be a sufficient reason to terminate the supervised probation." United States v. McKay 352 F.Supp.2d 359 (E.D.N.Y. January 10, 2005) (emphasis added).

9
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\18000-18499\18014 F. KOTOVNIKOV\001 USDC CR IRS HFK\REQUEST FOR EARLY TERMINATION 04-13-06.DOC

his business, employ others and support his family. At the time of sentencing the conditions of Kotovnikov's supervised release clearly intended for him to continue his business, to work and to support his family. At the time, it was never considered that the financial future and success of Action Windows would hinge on Kotovnikov's ability to expand the business to locales outside of Connecticut. The end result of the current conditions of supervised release are, in effect, destroying Kotovnikov's livelihood, the business he build himself and the jobs of many others. This is clearly outside of the supervised release's purpose and objective.

## CONCLUSION

By effectuating a timely and successful emergence into new markets, Kotovnikov can save his business. In order to do this he will need the freedom to leave Connecticut at a moment's notice. It is imperative that he is able to fly spontaneously from one location to another. The current conditions of his supervised release make this impossible.

For the foregoing reasons the defendant respectfully requests that this motion for termination of supervised release be granted.

10
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.    ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\18000-18499\18014 F. KOTOVNIKOV\001 USDC CR IRS HFK\REQUEST FOR EARLY TERMINATION 04-13-06.DOC

THE DEFENDANT
FELIX KOTOVNIKOV


By: _____
    HUGH F. KEEFE, ESQ.
    STACY M. ERRANTE, ESQ.
    Federal Bar No. ct05106
    Lynch, Traub, Keefe, & Errante
    52 Trumbull Street
    New Haven, CT 06506-1612
    (203) 787-0275

11
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\18000-18499\18014 F. KOTOVNIKOV\001 USDC CR IRS HFK\REQUEST FOR EARLY TERMINATION 04-13-06.DOC

## CERTIFICATION

I hereby certify that a copy of the above was mailed on 4/19/06 to all counsel and pro se parties of record as follows:

John Danaher, Esq.
Assistant U.S. Attorney
U.S. Attorney's Office
450 Main Street
Hartford, CT 06103

Ms. Bunita B. Keyes
U.S. Probation Officer
U.S. District Court District of Connecticut
450 Main Street
Hartford, CT 06103

_____
Hugh F. Keefe, Esq.

12
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\18000-18499\18014 F. KOTOVNIKOV\001 USDC CR IRS HFK\REQUEST FOR EARLY TERMINATION 04-13-06.DOC