**Westlaw.**

Not Reported in F.Supp.2d                                                                Page 1

Not Reported in F.Supp.2d, 2000 WL 45438 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

H
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.
UNITED STATES OF AMERICA
v.
Alfredo Felipe RASCO, Defendant.
**No. 88 CR 817 CSH.**

Jan. 19, 2000.

*MEMORANDUM OPINION AND ORDER*

HAIGHT, Senior J.
*1 In 1988, defendant Alfredo Rasco pleaded guilty to a charge of cocaine trafficking in violation of 21 U.S.C. § 841(b)(1)(A) and was sentenced by this Court on April 23, 1990 to a term of five years' imprisonment to be followed by five years of supervised release. Now that he has completed his term of imprisonment and three years of supervised release, he moves *pro se* for an early end to his supervised release which is scheduled to terminate on September 19, 2001. Rasco makes this motion in reliance upon 18 U.S.C. § 3583(e)(1) which allows a court to:
terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release ... if it is satisfied that such action is *warranted by the conduct of the defendant released and in the interest of justice.*

(Emphasis added.) The court may do so after considering certain of the factors set forth in 18 U.S.C. § 3553 which the court must also weigh in determining the initial sentence. The identified factors include:(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed -
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant;
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(4) the kinds of sentences and the sentencing range established for [defendants with similar characteristics under applicable Sentencing Guidelines and policy statements];
(5) any pertinent policy statement issued by the Sentencing Commission ... that is in effect on the date the defendant is sentenced; and
(6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

The decision whether to grant early termination of supervised release under § 3583(e) rests within the discretion of the district court. *United States v. Lussier,* 104 F.3d 32, 36 (2d Cir.1997). The statute " on its face authorizes the court to modify conditions of supervised release only when general punishment goals would be better served by modification." *Id.* at 35. Early discharge or another form of modification is appropriate to "account for new or unforeseen circumstances" not contemplated at the initial imposition of supervised release. *Id.* at 36. Only "occasionally" is it warranted due to the changed circumstances of a defendant, such as his exceptionally good behavior, which make the previously imposed term of supervised release " either too harsh or inappropriately tailored to serve" general punishment goals. *Id.*

Because Rasco has already served more than one year of his supervised release term, this court clearly has the discretion to discharge his unexpired term of supervised release if it is warranted by his conduct and is in the interests of justice. Rasco's two-page motion does not provide a compelling reason why his supervised release should terminate approximately two years early. He explains that he "

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

had an outstanding prison record," "has served his last three years of supervised release without incident," has engaged in no other criminal conduct other than the "aberrant behavior leading to" his arrest and conviction in this case, and "has strong family and community ties and holds full time employment." Motion for Modification ("Mo.") at 1-2. Rasco also argues that the government "can no longer show or support a compelling penal interest in his continued supervision." Mo. at 2.

> FN1. As the government points out, the characterization of his offense conduct in this case as "aberrant" behavior is not appropriate since Rasco had at least two felony convictions prior to his conviction in this case and was assigned a criminal history category of VI under the Guidelines at sentencing. *See* Government's Letter Brief dated November 29, 1999 at 3 n. 3.

*2 The government opposes Rasco's application on the ground that he has not identified any extraordinary conduct or unforeseen harsh consequences stemming from his supervised release that warrant its early termination. While the government takes no contrary view of Rasco's characterization of his conduct in jail and on supervised release, it argues that Rasco has done nothing more than what was required of him-that he serve out his sentence with good behavior and comply with the terms of his supervised release.

Having considered the defendant's submission and reviewed the circumstances of his conviction and all the other relevant § 3553 factors, I conclude that Rasco has not demonstrated circumstances warranting his early liberation from supervision. While I am pleased that Rasco maintained a record of good behavior in prison and has adjusted well to supervised release, model prison conduct and full compliance with the terms of supervised release is what is expected of him and all others serving terms of imprisonment and supervised release and does not warrant early termination. *See United States v. Medina,* 17 F.Supp.2d 245, 247 (S.D.N.Y.1998) (in declining to grant early termination of defendant's supervised release court held that "[w]hile [defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule").

Nor has defendant identified any compelling reason why his continuation on supervised release is unduly burdensome to such an extent that it no longer serves this Court's original punishment goals. The only reason Rasco provides in requesting relief is that "if he has to upgrade his financial status and were able to find a better paying job, disclosing that he is currently under federal supervision after serving his sentence would make any reasonable employer question his trust. Indeed, this supervised release would be a great impediment taking into consideration the Defendant's age in this very competitive world." But this sort of speculation does not amount to a changed circumstance that makes compliance with supervised release difficult or renders it unduly harsh. Defendant does not explain why any disclosure that he is presently on supervised release is more harmful to his chances for prospective employment than the disclosure that he is a convicted felon, which I assume Rasco would honestly reveal if the question were subsequently asked by a prospective employer. More importantly, he has not indicated that he is presently seeking to change jobs or that his supervised release has actually prevented him from obtaining more lucrative employment. He merely suggests that it might present a possible future obstacle in that regard. But I cannot conclude that the mere possibility of a future hardship furnishes a basis for dismissing him early from supervised release.

In any event, far from being excessively harsh, the requirements of his supervised release have recently been reduced and seem quite manageable. In its letter opposing the defendant's motion, the government explains that in recognition of his successful compliance with the terms of his supervised release thus far, the probation officers supervising Rasco have recently adjusted his reporting requirements to make them consist of only a monthly telephone call to his supervising officer.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:03-cr-00027-EBB  Document 12-7  Filed 04/20/2006  Page 3 of 3  Page 4 of 4

Not Reported in F.Supp.2d                                                                 Page 3
Not Reported in F.Supp.2d, 2000 WL 45438 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

Defendant has not provided an adequate justification for unburdening him of this and any other requirement of his two additional years of supervised release.

**\*3** Rasco intimates that early termination is justified because the government cannot show a compelling need to continue his supervised release. This argument must be rejected. It is manifestly not the government's burden to show the continued need for supervision. The defendant was sentenced by this Court to five years' supervised release. Neither the statute nor the relevant case law places an affirmative obligation upon the government to make a showing of compelling penal need before a defendant will be required to complete a validly imposed term of supervised release. If the defendant desires to have that period shortened he must show that the circumstances warrant it, not that the government cannot prove otherwise.

While Rasco's good behavior in prison and on supervised release is laudable, I am not satisfied that his conduct has been so unusual as to merit the early termination of his supervised release. Nor do I perceive any changed circumstances which compel his discharge from the burdens of that punishment in the interests of justice. Accordingly, for the reasons discussed above I deny Rasco's motion to terminate his remaining period of supervised release.

It is SO ORDERED.

S.D.N.Y.,2000.
U.S. v. Rasco
Not Reported in F.Supp.2d, 2000 WL 45438 (S.D.N.Y.)

Briefs and Other Related Documents (Back to top)

• 1:88cr00817 (Docket) (Oct. 13, 1988)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.