UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | |
| v. | : | CRIMINAL NO. 3:03CR27(EBB) |
| | : | |
| FELIX KOTOVNIKOV | : | MAY 26, 2006 |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION FOR TERMINATION OF SUPERVISED RELEASE**

By motion dated April 19, 2006, defendant Felix Kotovnikov ("Kotovnikov"), sought early termination of his supervised release due to "an unforeseen change in circumstances not contemplated at the initial imposition of supervised release and in the interests of justice." Def. Mem. At 1. The Government opposes this motion.

On April 25, 2003, the defendant was sentenced in connection with his conviction on a charge of making and subscribing to a false tax return in violation of 26 U.S.C. § 7206(1). At that time, he faced a term of imprisonment of between 8 and 14 months. Instead, the Court sentenced the defendant to five years of probation,[1] with six months in home confinement and a fine of $20,000. The defendant notes that he was also required to pay the IRS the taxes that he owed, together with penalties and interest that accrued due to the fact that the defendant filed a false tax return, resulting in a $207,231.14 payment to the IRS.

18 U.S.C. § 3564(c) provides for early termination of a term of probation after the expiration of one year of probation in the case of a felony "if [the Court] is satisfied that such

---

[1] The Judgment in the criminal case indicates that the defendant, who apparently was never incarcerated, is serving a term of probation, not "supervised release."

action is warranted by the conduct of the defendant and the interest of justice."  Before reaching such a conclusion, the Court is obliged to consider the factors set forth in 18 U.S.C. § 3553(a).  18 U.S.C. § 3564(c).

Included in the factors to be considered, as set forth in 18 U.S.C. § 3553(a), are:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) The need for the sentence imposed
>
>> A)   To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> B)   To afford adequate deterrence to criminal conduct
>
> . . . .
>
> (4) The kinds of sentence and the sentencing range established for (A) the applicable category of offense committed by the applicable category of defendant as set forth in the Guidelines.

It will be the rare case in which the court properly exercises its discretion to grant early termination of probation. See United States v. Gerritsen, 2004 WL 2754821 (S.D.N.Y. 2004)(denying motion for early termination of probation when defendant claimed that her life had "stabilized"); United States v. Herrera, 1998 WL 684471 (S.D.N.Y. 1998)(motion for early termination denied when defendant claimed that he had completed his community service, paid the required fines, completed all other conditions, and claimed to be embarrassed by having to make "painful and shameful" visits to the Probation Office); United States v. Granello, 874 F. Supp. 633 (S.D.N.Y. 1995)(motion for early termination of probation denied; court concluded

that monthly visits to Probation Office were not an undue burden).  See also United States v. Lussier, 104 F.3d 32, 35-36 (2d Cir. 1997).  The defendant relies upon United States v. Weintraub, 371 F. Supp. 2d 164 (D. Conn. 2005) for the proposition that early discharge is appropriate if there are new or unforeseen circumstances not contemplated at the initial imposition of supervised release.

## DISCUSSION

On November 22, 2005, United States Probation Officer Bunita Keyes submitted a request for early termination, quoting a letter dated October 29, 2005, in which the defendant sought early termination to facilitate his efforts to obtain international accounts to "booster [sic] his business which is currently suffering as a result of the United States economy.  He emphasized that if he is not able to obtain more business, some 50 employees may lose their jobs, in order to travel for long periods of time internationally, early termination is requested."[2]  The Court denied that request on December 2, 2005.

Now, in a motion dated April 19, 2006, the defendant makes essentially the same claim that was set forth in his October, 2005 letter ("in the last three years the business has suffered tremendous financial loss.") (emphasis added).  Therefore, the defendant is not now asserting

---

[2] United States Probation Officer Keyes represented to the Court that "On November 22, 2005, Assistant United States Attorney John Danaher was contacted regarding Mr. Kotovnikov's request for early termination.  His position on the request will be provided to the Court."  This representation was incorrect; Probation Officer Keyes did not contact the undersigned regarding this request.  The Government's records indicate that on November 22, 2005, Probation Officer Keyes left a voicemail message for Assistant United States Attorney John Durham.  The Government can find no record indicating that Mr. Durham contacted Probation Officer Keyes or the Court regarding this matter.

"new or unforeseen circumstances" but is, rather, asserting the same circumstances that were unsuccessfully raised in his October 29, 2005 letter. Therefore, since this Court denied the identical request in its ruling of December 2, 2005, the defendant is in truth and in fact filing a Motion for Reconsideration which is untimely. Local Rule of Criminal Procedure 1 (incorporates Local Rule of Civil Procedure 9(e)) and Local Rule of Civil Procedure 9(e)("motions for reconsideration shall be filed and served within ten (10) days of the filing of the decision or order from which such relief is sought . . .").

Even if the defendant had filed the instant motion in a timely manner, there is no factual basis to support his claim. The essence of the claim is set forth on page 8 of the defendant's memorandum, and is summed up as follows:

> The terms of Kotovnikov's supervised release prohibit him from leaving the State of Connecticut without permission from his probation officer and from leaving the country without a court order. <u>This is a very inconvenient and costly way to run a business.</u>

Def. Mem. at 8 (emphasis added).

In fact, the Government has confirmed that the United States Probation Office is fully aware of the defendant's wish and need to travel expeditiously in order to develop his business, and that Office is committed to making every effort to accommodate his wishes. The fact that it is "inconvenient" for the defendant to abide by such a simple condition of probation is not a basis for the relief requested. <u>United States v. Gerritson</u>, 2004 WL 2754821 at *2 ("the inconvenience of reporting to the Probation Department is not a basis for terminating probation early." citing, <u>United States v. Rasco</u>, 2000 WL 45438 at *2 (S.D.N.Y. 2000)). In addition, the defendant

offers no explanation as to why it is "costly" for the defendant to contact his probation officer to request the necessary permission.

The equities of this matter, and the requirements of 18 U.S.C. § 3553(a) cited supra at 2, in no way support the requested relief.  This defendant, by his own statement, came to the United States virtually without funds and came here because "I wanted to live in a free country where one can do as he pleases without fear."  PSR at ¶ 31.  The conditions in the United States made it possible for the defendant to become a wealthy man.  He sought to repay his adopted country by cheating that country, which is to say, by cheating the citizens of the United States.  One of the few obligations incumbent on all citizens is to pay the taxes that are owed.  Despite this obvious lack of gratitude for the opportunities provided to him, the defendant was not incarcerated, as he could have been - and perhaps should have been - pursuant to the applicable Sentencing Guidelines.  He received a limited sanction and now chooses to avoid that sanction because it is "inconvenient."  It does not appear that the defendant has any greater appreciation for the seriousness of his situation than he did when he committed the offense.  The motion for termination of probation should be denied.

                Respectfully submitted,

                KEVIN J. O'CONNOR
                UNITED STATES ATTORNEY

                JOHN A. DANAHER III
                ASSISTANT UNITED STATES ATTORNEY
                Federal Bar No. Ct05101
                450 Main Street, Room 328
                Hartford, CT 06103

**CERTIFICATION OF SERVICE**

The undersigned hereby represents that he has mailed a copy of the foregoing this 26th day of May, 2006, to the following:

Hugh F. Keefe, Esq.
Lynch, Traub, Keefe and Errante, P.C.
52 Trumbull Street, P. O. Box 1612
New Haven, CT 06506-1612

Supervising Probation Officer Kim Cerullo
United States Probation Office
450 Main Street
Hartford, CT 06103

_____
JOHN A. DANAHER III
ASSISTANT UNITED STATES ATTORNEY